J-S29011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DESTANY ROBINSON ANDERSON | |
| Appellant | No. 1148 WDA 2014 |

Appeal from the Judgment of Sentence March 10, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012049-2013

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.:                **FILED JULY 08, 2015**

Appellant, Destany Robinson Anderson, appeals from the judgment of sentence entered March 10, 2014, by the Honorable David R. Cashman, Court of Common Pleas of Allegheny County. Anderson contends that the trial court erred in denying her motion for a new trial based upon the weight of the evidence. We affirm.

Ebonie Marshal was the owner of a 1999 Ford Explorer. Marshal, before July 2013, sold the vehicle to Anderson. Due to an issue with Anderson's license, Marshall kept the car in her name. Sometime after the sale Marshall filed an insurance claim, stating that she had been a passenger

---

[*] Retired Senior Judge assigned to the Superior Court.

in the vehicle during a collision. Although she was not injured, the insurance company issued a three thousand dollar check for the damages. Upon learning this, Marshall decided to make an agreement to split the money with Anderson. As a term of the agreement, Anderson believed she deserved more money since it was her car. An argument ensued, which concluded with Marshall agreeing to only take $1,000.00 of the $3,000.00. On July 16, 2013, Anderson and Marshall went to a Money Mart to cash the check. Anderson received two thousand dollars on a debit card and Marshall, after paying a $20.00 checking fee, received $980.00, which she timely placed in a sealed envelope, then secured it inside her zipped purse.

After leaving the Money Mart, Marshall, mistakenly believing Anderson was walking the opposite way, overheard Anderson on the phone saying, "We are walking to the busway now." Before Marshall could get to the bus, Anderson sprayed mace directly into Marshall's face. Following this, a physical altercation between the two began, and both ended up wrestling on the ground. At one point, while Marshall was on top of Anderson, Anderson maced Marshall in the mouth, causing her to drop her purse. Anderson, noticing the dropped purse, yelled for someone to grab it. A third party walked over, picked up the purse, but immediately dropped it. Marshall was able to identify the third party as Orlando Grandison. Using this opportunity, Anderson grabbed the purse, dumped the belongings, took the envelope, and ran off in the same direction as Grandison. Marshall, still stunned from

the events, ran over to a store to wash the mace off her face and called 911. Paramedics and Police Officers showed up to the scene, at which point Marshall filed a Police report.

Anderson was later charged with one count each of robbery[1], criminal conspiracy (to commit robbery)[2], and simple assault[3]. Co-defendant Orlando Grandison was also charged with robbery and conspiracy. A joint bench trial took place before the Honorable David R. Cashman. At the end of the trial, the court found Anderson guilty of all charges and sentenced her to a 1-year probationary term and an order to pay $980.00 in restitution. Anderson filed a post-sentence motion challenging the weight of the evidence. The trial court denied the motion. This appeal followed.

On appeal, Anderson challenges the weight of the evidence to support the convictions. Our standard when reviewing a weight of the evidence claim is well settled. We must "review[] the [trial court's] exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence." *Commonwealth v. Smith*, 985 A.2d 886, 897 (Pa. 2009) (quoting *Commonwealth v. Diggs*, 949 A.2d 873, 879 (Pa. 2008)). The jury is free to believe all, part, or none of the evidence, and an appellate court will not make its own assessment of the credibility of the evidence. *Commonwealth v. Ramtahal*, 33 A.3d 602, 609 (pa. 2011). "The trial

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(vi).
[2] 18 Pa.C.S.A. § 903(a)(1).
[3] 18 Pa.C.S.A. § 2701(a)(1).

court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." ***Id***. (quoting ***Diggs***, 949 A.2d at 879-80). In turn, we only reverse a trial court's refusal to do so when we find that it reflected an abuse of discretion for the trial court not to conclude that the verdict was so contrary to the evidence as to shock one's sense of justice. In effect, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is "the least assailable of its rulings." ***Id.***

Anderson's argument simply rests on the fact that she believes that her testimony should have been viewed as more credible than Marshall's. The argument is meritless. With respect to each argument Anderson raises, the trial court provides the following reasoning supporting its decision.

[§ 3701. Robbery.]
The Commonwealth established that Anderson initially attacked Marshall when she sprayed mace in her face, grabbed her and pulled her to the ground, wrestled with her in an attempt to get her purse and then maced her a second time which caused Marshall to lose control of her purse and ultimately the money that was contained in that purse. Marshall testified that she experienced pain and a burning sensation as a result of being sprayed with mace by Anderson not once, but twice. Anderson did not attempt to obtain the money from Marshall lawfully but rather planned an attack on her so she carried mace with her and was the aggressor in spraying mace into Marshall's face on two separate occasions and wrestling her to the ground.
. . .
[§ 903. Criminal Conspiracy]
While she was spraying Marshall's face for the second time, she yelled across the street to the two men standing there, one of whom was Grandison, to grab her purse. Grandison came across the street, picked up the purse and was looking for the money and when he could not find it, Anderson grabbed the purse, dumbed its contents onto the ground and picked up the envelope and the two of them ran off together in the same direction. The

logical and reasonable inference to be drawn from this testimony [was] that there is a common plan and design agreed to between Anderson and Grandison to steal the money from Marshall and act of spraying Marshall was an overt act in furtherance of that conspiracy which enabled them to accomplish the underlying object of the crime of conspiracy, that being, the robbery.

. . .

[§ 2701. Simple Assault]

Finally, with respect to the charge of simple assault all that is necessary is that somebody knowingly, recklessly or intentionally caused bodily injury to the victim. Bodily injury means substantial pain and Marshall testified that she experienced significant pain and a burning sensation as a result of being sprayed by Anderson twice with mace, the pain being such that she had to go to a restaurant to use the bathroom to wash her face before she could call police.

. . .

[T]he standard with respect to this claim is to determine whether or not the verdicts rendered in this case shock one's sense of justice. A review of the evidence in light of that standard, it is clear that one's sense of justice would be shocked only if Anderson were not convicted of these particular crimes. The Commonwealth proved that she was the individual who committed these crimes, she was the individual who encouraged her co-conspirator to act to get the money and she was the individual who took the necessary overt action to commit all of the crimes charged. The verdicts rendered in this case did not shock one's sense of justice and, accordingly, they were properly entered.

Trial Court Opinion, 1/12/14, at 7-9.

After reviewing the record independently, we have not found any abuse of discretion in the trial court's reasoning. Therefore, we reach the conclusion that Anderson's issue on appeal holds no merit.

Judgment of sentence affirmed. Jurisdiction relinquished.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015